May it please the Court, Kimberly Koster, on behalf of the defendant appellant Lucio Landeros-Valdez. Mr. Landeros' previous – I would like to reserve two minutes for rebuttal. Mr. Landeros' previous drug felony conviction as a 17-year-old juvenile was not a prior conviction within the meaning of Section 841, and it should not have been counted as a predicate conviction to impose an enhanced 20-year mandatory minimum sentence in his case. But for the sentencing enhancement, the top of the guideline range for Mr. Landeros would have been 210 months. What's the authority for that? What's your – the authority for that proposition? It is – my sentencing argument rests on three – it's a statutory construction argument, and it rests on three crucial points. First is that Section 841 does not state that juvenile convictions are included as prior convictions that trigger enhanced penalties, and that's in sharp contrast to the Armed Career Criminal Act 924C, which specifically does include juvenile offenses. And the amendments made in the 1988 Anti-Drug Abuse Act demonstrate a clear congressional intent that juvenile convictions for drug offenses should not be counted as prior convictions for sentencing enhancements. But he was convicted as an adult, though, correct? He was a juvenile. He was 18 – under the age of 18 years old. His prosecution was conducted in the district court under Nevada State law procedures. He was treated as an adult for purposes. He was prosecuted in adult-like proceedings, correct, but he was still 17 years old. Well, he was not – let me ask it this way. Was he prosecuted or adjudicated – and it's really the better term – as a juvenile delinquent for that? He was not prosecuted in the juvenile court system. He was prosecuted in the district court. So his conviction – so his conviction was he was a – he was a juvenile person who was prosecuted and proceeded against as if an adult. He was a 17-year-old treated as an adult for purposes. As if an adult. Correct. With all of the panoply of procedures. And is there any court that has ruled or decided in Mr. Landeras's favor with respect to this issue? This particular argument, a majority panel, no. That's authority, isn't it? Correct. Okay. Correct. It's in the Sixth Circuit. It did squarely address this issue and came out on the ruling that it was a juvenile panel, the Sixth Circuit, and it's the United States v. Graham decision. But do we ever go – I mean, I understand there was a dissent in that case. Correct. But do we – is that – I mean, is there – do you have authority that that's authority? I mean – It's not binding authority in this circuit. It's certainly not. Is it binding authority in any circuit? The Sixth – other than the Sixth Circuit, no, it is not. The dissent? The dissent is not binding in any circuit, even the Sixth Circuit. Correct. This persuasive, and, Mr. Lendaros, our position is that's the better reasoned approach. It is – and this is one that we're urging that this Court follow. Counsel, could I ask a question? I want to make sure that we're using the terminology correctly. I'm from Alaska, not Idaho, and so I don't want to assume too much. But my understanding is, as you've said, that this individual was 17 at the time of the adjudication. Correct. Does Idaho have a separate procedure where there's a determination that this person would be – we would say in Alaska is that, you know, waived up to be tried as an adult. Is there something like that in Idaho that happened here? Mr. Lendaros' earlier conviction in 2005 was a Nevada State court conviction. Oh, that's right. Forgive me. Okay. Same question. Correct. It was. He was – he went through the procedure – the transfer laws in the State of Nevada are similar to those in other States. He was – he – the – facially, it appears that it proceeded according to the Nevada State statutes. Okay. And that he was transferred by the – by the juvenile court to the district court. He waived proceedings also to – he waived the hearing on that. And then he was proceeded against as if an adult in the district court. He was still 17 years old at the time he was committed the offense. He was still 17 years old at the time he was – he pled guilty and was convicted. He was – he was under the age of 18. But there was a State court determination that he should be tried as an adult, and he was. Correct. Correct. So how is this plain error? I've – the plain meaning of the statute, I have two arguments on that. And first, as noted in the supplemental authority, the footnote to that is this court in the Ninth Circuit is not limited to a plain-error standard of review where the appeal presents a pure question of law, and there is no prejudice to the opposing party that results from the defendant's failure to object below. And our position is that because the appellant's sentencing issue raises a pure question of law, and the government suffers no harm from its failure to raise that issue in the district court, this Court may decline to apply the plain-error review. And that's the only way that you would succeed, is that if we find this is a pure question of law? I believe it is a pure question of law. But is that the only way that you succeed? No, I don't think so. I think the – the plain meaning of the statute, for one thing, it fails to specifically include juvenile offenses within the term prior conviction. Prior conviction for 841 sentencing purpose is not defined, unlike the term for juvenile offense, felony drug offense, that is defined. But the term prior conviction is – turns as a question of State – of Federal law, and it needs to be construed in a way that serves the goal of national uniformity. And by looking at Nevada State statute to determine is this an adult conviction or – if we're saying was it – did the State consider this to be an adult conviction and looking back to the proceedings leading to that conviction and saying this is an adult conviction, it's going to vary from State to State to State. There are youthful offender statutes in California. There are youth – with varying results. In some ways, they're treated as juveniles. For some purposes, maybe it's – Well, is it – that's interesting that it is. Do you know of any State where they've had a transfer proceeding, where they've been transferred or waived up, that hasn't treated it as an adult conviction? Under this particular statute, no. Under this particular argument. We – there are some – some circuits dealing with the – maybe the Armed Crew Criminal Act. For instance, they're dealing with the youthful offender statute in New York. And they say, well, it's – it's – there's an indictment. It looks like it's a – it's, for some purposes, it's an adult proceedings. But in the end, we decided that it's not an adult conviction because of something in the legislative act that – that talks about that. You have a different result. Even when they've been transferred? Well, the proceedings in the district in the – it's not under the specific transfer laws, no. They – but that's if you're saying is it an adult – are they – was the youth person preceded against as an adult or as if an adult, I think? And the – and I don't have a case where they've come out on that side. So the answer is no, I don't have a case where they have come out on that side. But I think you have to look to see what the – and the – this issue of what does the 1988 Act say, that the only – there's only a couple of cases that that was raised, and the Sixth Circuit squarely dealt with that case. So for this statute and the – May I interrupt to ask a question about your statutory construction argument? Correct. I want to make sure you have a chance to understand my – or respond to my question. The statute says prior conviction, and you've argued it doesn't say prior juvenile conviction. It doesn't have any limitation, which to me, I think a fair reading of the – of the plain language of the statute is that it – that Congress did not intend to limit that in any way. And you make an interesting argument following on a dissent, as you candidly acknowledge in your argument of the dissent in this other case is more persuasive. But my question is, why would we consider any of that beyond the plain language of the statute unless we find an ambiguity on the face of the statute? Why would we go farther? Well, I think you have to look at the – you have to look at the timing of the 1988 Anti-Drug Abuse Act amendments and look to see in that very act, in two sections of the statute right next to each other, Congress evidenced its clear intent that when it's looking for mandatory enhanced penalties, if you look at the section in that act, it says violent felonies by juveniles. And it says the term conviction includes a finding that the person committed an act of juvenile delinquency involving a violent felony. And I think we're looking – I think what's important here is they're looking at the acts, the person who committed the violent felony. They didn't say proceeded against. They're looking at the person who committed the act involving a violent felony. And I think in this context, if you look at this, it has to mean a juvenile who commits an act involving a violent – who's found guilty or who's convicted, meaning adjudicated or a finding or a conviction, depending on what venue or forum, because those are all State law specific. They might be an adjudication of guilt or a finding of guilt, or in a criminal court it will be a finding of juvenile delinquency, or in a criminal court or a district court it would be a conviction. They just – the nomenclature is different. But it varies and it's going to be a little bit different from State to State to State. And I think that what they're – what Congress is intending here is juveniles and they're looking at – and I think what we – what's the important issue here is that we have a national – a uniform national standard, one that doesn't vary depending on which State the conviction arose in. The substantive offense has already been defined as if it's a drug felony offense, and we have no question that the prior conviction meets that definition. But the prior conviction was committed by a person under the age of 17 – under the age of 18, he was 17. And I think that the place to draw the line for purposes of achieving national uniformity is the age of 18. That's the age that the Supreme Court has declared. This is the national age. This is the age that when – where it makes a difference for – for penological purposes, for sentencing purposes, for purposes of mandatory automatic sentences, we have to treat an offense committed as a juvenile differently from a similar offense committed by — Kagan. You're out of time and I haven't heard an answer to my question. What's the best authority you've got that if I don't see an ambiguity in the face of the statute, I'm permitted to look further? I think there is an ambiguity created. I think that there is an ambiguity. And I think the ambiguity is created when you look at the Anti-Drug Abuse Act and when you look at those two successive sections, both amending the term conviction in successive sections of the same act. They both alter the term conviction. The Armed Career Criminal Act allows – allows the enhancements for – requires the enhancements for juvenile and serious – I mean, for drug offenses and violent offenses, but Congress only wanted to include the violent offenses for purposes of the enhancement when it comes to juveniles. The very next act, they alter the sentence of conviction – or the definition of conviction in that, and they don't do anything because that only deals with drug felonies. And so there's nothing to add because they don't want to add it. They didn't – and evidence is an intent that it not be added, that prior convictions by juveniles. And I think that juveniles has to mean uniformly a person under the age of 18 that committed the act, that that has to be viewed as the definition of what a juvenile conviction is. Juvenile conviction is not a – is not the conviction that results and is not as if preceded as an adult, because that's going to vary under youthful offender statutes and whether they're trans or not. The crime, the conduct, the offense, the violent felony offense by a juvenile is what Congress is looking to capture. And by not including that, conspicuously not including that, in the very – in the same act, the 924CA, they don't include that for the drug offenses. They do for adults, but they don't include it for juveniles. And in the very next act, they – they alter the word conviction, but they don't include drug felony offenses for that. And that has not – is presumed to be intentional. And then that's why we get to the – the construction of the statute that says, okay, now what is a juvenile conviction? Excuse me. And a juvenile conviction is going to vary from State to State if you do, as the Sixth Circuit did, and go from practice. Kagan. Thank you. Okay. And I see that my time is up. Thank you. Your argument is based on the plain language of the statute. The rule of limited and the rule of two related statutes must be construed together. Correct. Correct. And in addition, this Court's decision in United States v. Norbury that says that the question, the definition of or the meaning of prior conviction should be construed to serve the – the desirable goal of national uniformity. And national uniformity means just that, and the best place to draw the line of what is a juvenile conviction that Congress intended to be excluded is the age of 18, which is a line that is, for Federal sentencing purposes, is a line that's here to stay given the Supreme Court's decisions in Graham and then just last June of 2012 in Alabama v. Miller. That's the distinction. That's the line for what is a juvenile conviction. And that's excluded. And then what is the rest? Thank you. May it please the Court. Serena Case Hargrove for the United States. Based on the plain language of the statute 841b1a and on existing precedent, there is no error here, much less plain error. The government brief cites the majority of the Graham case, and in footnote 13 of Graham as well as on page 462, the majority decision discusses the fact at some length that the third, fifth, sixth, eighth, and tenth circuits all have allowed juvenile age convictions like the one we have here from Nevada to act as predicates for increasing a sentence under 841b1a, and they have distinguished between juvenile age convictions, like we have here, from juvenile adjudications, which is the distinction I believe Judge Kristen was making. There are several other circuits, and Kristen or Graham goes into this at some length, too, that have actually held that even juvenile age convictions can count for 841b1a. But in short, all the circuits that have addressed this issue allow convictions of juvenile age and some even of juvenile adjudications to count in this circumstance. You're not advocating for a rule that addresses juvenile adjudications, right? No, Your Honor. It's certainly not presented in this case, and I think Teague in the Ninth Circuit would probably go very far to preclude such a rule there. And, indeed, the majority in Graham didn't express an opinion on that and chose to reserve the issue, but it cited the circuits that had made that distinction. The other – I mean, it's interesting. The plain language of the statute is very simple, and Minkoff, which we cited in our earlier case, that says that to determine whether a prior conviction qualifies as a drug trafficking offense, we look only to the fact of conviction and the statutory definition of the prior offense. And what we've got here is a conviction. It's very clear it's a conviction, and the prosecutor properly entered notice of that conviction and its planned use before trial. And there is no dispute that the drug offense in question qualifies. My opposing counsel's argument about expressio unius and in pari materia I think would have significant purchase if what we were dealing with here was not a juvenile age conviction, but a juvenile delinquency adjudication. And that's the distinction that Congress made in the Armed Career Criminal Act. But it doesn't apply here because, again, we have a juvenile age conviction. I wanted to make one very brief point on the other issue raised in the briefs, and just to say that on ER-104 in the third tile of the transcript, the cooperating co-defendant did acknowledge that both Beltran and this defendant, Landeros Valdez, wrapped the drugs in plastic before hiding them in the soapbox. And I just wanted to be sure the panel was aware of that. If there are no further questions, the government will submit, and please request affirmance. Thank you. Just briefly in response, the Armed Career Criminal Act does not use the term juvenile adjudication. It says a finding that of juvenile delinquency, and it refers to an act committed by a person. And so they're not referring to the adjudication process. They're not referring to the venue in which the conviction took place. So I just wanted to make that point. And also, with respect to the weight of the authority out there, as I mentioned in my reply brief, this Court does not mechanically decide a case based on a circuit scorecard without independent consideration of the issues. And so this Court should not decide the pending issue on the basis of what the other circuits have done, because those may or may not be, because those are positions that those have been incorrectly decided, but with the exception of the Sixth Circuit, they have made those decisions without consideration of the amendments, the very, I think, clear and conspicuous amendments in the Anti-Drug Abuse Act, 1988 Anti-Drug Abuse Act. And I think when you look at the amendments in the Anti-Drug Abuse Act, this circuit's goal of favoring national uniformity in the construction of the statute and the Supreme Court's goal of a juvenile committed as a juvenile differently than a similar or the same offense when committed by an adult, I think that the convictions in the Nevada, the 2005 Nevada court conviction, should not be included. It should be excluded as a predicate conviction and the sentence vacated. And I, in my reply brief also, with respect to the insufficiency of the evidence claim, our first argument in the briefing, I think that the testimony of the, of Mr. Vergen, who talks, when he's asked about the handling or who did this, he refers to they. The prosecutor asks, who do you mean by they, and he says, oh, well, it's the defendants in this trial. It's Mr. Beltran and Mr. Lucio and Beltran. And then when asked, well, which one, or he's asked to specify that, who did it? He says, I don't know. I don't know if it's Lucio or Beltran. I don't know. And so he follows up with that. But the prosecutor has him identify, and of course, this is all through a translator. But we have the English translation. And there's no, I'm not challenging that at all, but the prosecutor is clarifying, who do you mean by they, like, in the world. And it says, oh, it's these co-defendants. And then when he asks them what they did and they said who, which, and he says, I don't know. It's Lucio or, and any, and that's what he does each time, each time he's asked which one, and he doesn't know. And so you don't have any active participation. I mean, he would be present, but we don't have that evidence, I would say, as insufficient as a matter of law. I don't know. I don't remember. He can't say anywhere each time. And that, and the transcript is cited in that, in my reply brief, and I think also in the opening brief. And so with that, we would ask that the conviction be reversed based on the sufficiency of the evidence, arguments that is made in the brief, and in the alternative, that the sentence be vacated and remanded. Back to the district court for resentencing. Thank you.
judges: Pregerson, Murguia, Christen